IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

ROBERT HORTON, III, as next friend
and Guardian of ROBERT HORTON, IV
and ROBERT HORTON, IV,

     Plaintiffs,

vs.                                                                  NO. 2:23-cv-02765

MEMPHIS SHELBY COUNTY SCHOOLS,

     Defendant.
_____

AMENDED COMPLAINT FOR DAMAGES
FOR STUDENT DISCRIMINATION AND MALICIOUS PROSECUTION
_____

     Now comes the Plaintiffs, by and through counsel, and amend the heretofore filed Complaint as follows:

     1.     That this action is brought pursuant to 42 USC 1983 and state pendent claims for discrimination in the application of student disciplinary rules, denial of the right to a public education, false imprisonment and malicious prosecution.

     2.     That this court has jurisdiction over this action.

     3.     That Robert Horton, III, is citizen of the United States residing within the geographical jurisdiction of this court. Robert Horton, III brought an action in the General Sessions Court of Shelby County, Tennessee against agents of the Defendant which was dismissed without prejudice on November 29, 2022.  GS #2148091 - *ROBERT HORTON III V GRACE WILSON & FRANK LEE ETAL.*

4. That the Plaintiff, Robert Horton, IV, is a former student of MSCS who was a minor when these acts occurred. Robert Horton, IV attained the age of majority, eighteen years, on October 14, 2023 and has brought this action within one year of attaining the age of majority. The harmful effects of the Defendant's action affect the livelihood of the Plaintiff, Robert Horton, IV, until this day. Each time Robert Horton, IV applies for a job and is not hired because of his lack of a high school diploma is a palpable effect of the breach of duty by the Defendant and damage to Robert Horton, IV.

5. That the Defendant is a governmental entity conducting business and administering the public educational system of Memphis within the jurisdiction of this court.

6. That the Plaintiff was falsely accused by another (one) student of threatening to "shoot up" Kirby High School.

7. That local school officials have the authority to discipline students in an appropriate manner.

8. That an unfair and accusatory investigation by the Defendant proceeded based totally upon the oral accusation of another (one) student. The Defendant's failure to fairly and equitably implement and follow its disciplinary procedure and policies was an operational decision, not a discretionary function, and, therefore, does not give rise to immunity.

9. That on or about November 5, 2021, Plaintiff was arrested and suspended from classes for a period of 45 days based on the false accusation mentioned above.

10. That the Plaintiff was traumatized by the unfair suspension from classes.

11. That it was not proven and has not been proven that Robert Horton, IV committed a "zero-tolerance offense" and should have received "certain, swift, and proportionate punishment.." pursuant to T.C.A. 49-6-3401(g)(1). The terms "certain and swift" do not insure due process.

12. That all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. Both the United States Constitution and the Constitution of Tennessee contain substantially similar limitations on the power of government entities to deprive persons of their life, liberty, and property.

13. That Section 1 of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1, provides, in part, that the states shall not deprive any person of life, liberty, or property, without due process of law.

14. That similarly, Tenn. Const. art. I, § 8 states that no man shall be disseized of his freehold, liberties or privileges, or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land. The Tennessee Supreme Court has noted that the procedural due process protections in these two provisions are essentially the same.

15. Plaintiffs submit that the Plaintiff, Robert Horton, IV had an interest in completing his education entitled to due process protection.

16. Plaintiff, Robert Horton, IV, was not afforded constitutional due process protection and the procedures of the Defendant employed failed to meet minimum procedural due process protections to which Robert Horton, IV was entitled.

17. Courts must generally look beyond the federal and state Constitutions to determine whether a person has a constitutionally protected property interest.

18. Article XI, § 12 of the Constitution of Tennessee "guarantees to all children of school age in the state the opportunity to obtain an education."

19. Most employment opportunities require at least a high school diploma.

20. That the Plaintiff was subjected to unequal and unfair terms in the application of the Defendant's disciplinary rules.

21. That the Plaintiff was falsely and maliciously prosecuted in The Juvenile Court of Memphis & Shelby County because of the Defendant's accusations.

22. That the prosecution of the Plaintiff concluded with a favorable outcome and was dismissed against the Plaintiff.

23. That because of the acts of the Defendant, the Plaintiff has not achieved a high school diploma and is challenged in his pursuit of life, liberty and pursuit of happiness.

24. That the Plaintiff has suffered emotional harm, inconvenience, loss of the right to a public education, loss of enjoyment of life; compensatory damages in the amount of $250,000.00.

Wherefore, Plaintiff demands:

1. Judgment against the Defendant for compensatory damages that include funds that the parents had to expend while Robert Horton, IV was suspended from school in the amount of $250,000.00;

2. Vouchers for the completion of the secondary education of Robert Horton, IV;

3. Reasonable attorney fees;

4. Costs of litigation;

5. Such other and appropriate relief as the court deems just.

6. Plaintiff demands a jury to hear the suitable issues in this cause.

Respectfully submitted,
*/s/ Gerald S. Green*
Gerald S. Green #9470
P.O. Box 264
Memphis, TN 38103
Tel.:   901-826-7955
Fax:   901-201-5885

Email: indictmentdefense@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that this pleading has been filed via the ECF System of the USDC/WDTN and served on opposing counsel thereby.

*/s/ Gerald S. Green*
Gerald S. Green #9470