IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROBERT HORTON, III, as next friend and Guardian of ROBERT HORTON, IV and ROBERT HORTON, IV,<br><br>    Plaintiffs,<br><br>v.<br><br>MEMPHIS SHELBY COUNTY SCHOOLS,<br><br>    Defendant. | Case No.: 2:23-cv-02765-MSN-cgc |

**MEMPHIS-SHELBY COUNTY SCHOOL'S MOTION TO STRIKE PLAINTIFFS' IMPROPERLY FILED AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(F) AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 12(b)(f), *Federal Rules of Civil Procedure*, Defendant Memphis-Shelby County Schools ("School District") hereby moves this Honorable Court for an Order striking the amended complaint improperly filed by Plaintiffs Robert Horton, III ("Parent Horton") and Robert Horton, IV ("Student Horton") on January 9, 2024 [DE 7.] For the reasons stated herein and in the School District's Motion to Dismiss [DE 6] and supporting Memorandum of Law [DE 6-1], Plaintiffs' improperly filed amended complaint should be stricken and Plaintiffs' claims dismissed with prejudice.

**BACKGROUND**

The Plaintiffs filed their lawsuit in state court on November 29, 2023. [DE 1-1]. The School District received a copy of the Complaint on December 5, 2023, along with Plaintiffs' request for waiver of service of summons. [DE 1-3]. The School District returned the signed waiver form to

Plaintiffs' counsel on December 11, 2023. [DE 1-2]. The School District filed its Notice of Removal the same day. [DE 1]. The School District filed its Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on December 18, 2023 [DE 6].[1] Plaintiffs improperly filed their Amended Complaint without leave of court or the School District's consent on January 9, 2024. [DE 7]. Plaintiffs' deadline to respond to the School District's Motion to Dismiss was Tuesday, January 23, 2024.[2] Despite Local Rule 12.1(b)'s requirement that a party opposing a motion to dismiss file a written response, Plaintiffs elected not to file any response to the School District' Motion to Dismiss.

## ARGUMENT AND AUTHORITY

**I.     PLAINTIFFS' AMENDED COMPLAINT WAS IMPROPERLY FILED.**

Plaintiffs' amended complaint was improperly filed and should be stricken. Fed. R. Civ. P. 15(a)(1) provides as follows:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

---

[1] The School District's Motion to Dismiss [DE 6] and supporting Memorandum of Law [DE 6-1] are incorporated herein by reference.

[2] Because Monday, January 15, 2024 was a legal holiday, Plaintiffs' original deadline to respond to the School District's Motion to Dismiss was Tuesday, January 16, 2024. Local Rule 12.1(b) ("A party opposing a motion to dismiss must file a response within 28 days after the motion is served."); *see also* Fed. R. Civ. P. 6(a)(1)(c) ("[I]f the last day [of a time period specified by applicable rules] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). However, Court offices were closed from January 16, 2024 to January 19, 2024 due to inclement weather and on January 22, 2024 due to insufficient water pressure, and Plaintiffs' deadline was therefore extended to Tuesday, January 23, 2024, when Court offices reopened.

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), **whichever is earlier.**

Fed. R. Civ. P. 15(a) (emphasis added).

The School District first received a copy of the original complaint on December 5, 2023 and returned the waiver of summons form pursuant to Fed. R. Civ. P. 4(d) on December 11, 2023. [DE 1-2; 1-3]. It is not clear which of these dates constitutes the date of service for purposes of Fed. R. 15(a)(1)(A), but, even if it is the latter of the two – December 11, 2023 – Plaintiffs' deadline to amend their complaint as a matter of course under Rule 15(a)(1) was **January 2, 2024**.[3] Plaintiffs did not file their amended complaint for another week, on **January 9, 2024**. They therefore did not file their amended complaint within the timeframe required by Fed. R. Civ. P. 15(a)(1), and the amended complaint should be stricken.

Because Fed. R. Civ. P. 15(a)(1) requires that the deadline to amend a complaint once as of course be calculated based upon the earlier of the date of service or the date a 12(b)(6) response is filed, there is no need to consider whether the amended complaint was timely filed based upon the School District filing of its 12(b)(6) motion to dismiss under Fed. R. 15(a)(1)(B). Nonetheless, Plaintiffs' amended complaint was also untimely under Fed. R. 15(a)(1)(B). The School District filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on December 18, 2023. Thus, at the very latest, the deadline for Plaintiffs to file an amended complaint without leave of court or the School District's consent was **January 8, 2024**. *See* Fed. R. Civ. P. 6(a)(1); 15(a)(1)(B). Plaintiffs did not file their amended complaint until **January 9, 2024**.

---

[3] January 1, 2024 was a legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(c).

3

Plaintiffs did not seek or obtain leave of Court or obtain the School District's consent to file their amended complaint after January 2, 2024 as required by Fed. R. Civ. P. 15. Plaintiffs' deadline to respond to the Motion to Dismiss was January 23, 2024, but they elected not to file a response. Because Plaintiffs improperly filed their amended complaint without leave of court or the School District's consent, their amended complaint should therefore be stricken from the record and their complaint dismissed with prejudice.

## II.   PLAINTIFFS' AMENDED COMPLAINT IS WITHOUT MERIT, AND AMENDMENT IS FUTILE.

Even if Plaintiffs had properly sought leave of Court before filing their amended complaint, Plaintiffs are not entitled to leave to amend because their proposed amendments are futile.[4] In their original complaint, Plaintiffs purport to state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment. Apparently realizing that they have no such claim, their amended complaint instead relies upon the Due Process Clause of the Fourteenth Amendment. However, Plaintiffs fail to plead a viable cause of action against the School District for violation of the Due Process Clause or the Equal Protection Clause.

Additionally, Plaintiffs' proposed amended complaint fails to state any state law claim against the School District because the School District is immune under the Tennessee Governmental Tort Liability Act for all civil rights claims and for a claim for malicious prosecution. Finally, Parent Horton has stated no viable claim for relief, and he should be dismissed a party to this case.

---

[4] Because Plaintiffs' amended complaint was improperly filed without leave of court or consent of the School District as required by Fed. R. Civ. P. 15, the School District has no obligation to respond to the amended complaint. Should the instant Motion be denied, the School District requests at least 14 days after an Order is entered to respond to Plaintiffs' amended complaint.

### A. Standard of Review.

Though a District Court may abuse its discretion by dismissing a suit on the basis of the original complaint without first considering and ruling upon a pending motion to amend, *see Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1987), here there is no pending motion to amend, and the Court has no obligation to consider Plaintiffs' improperly filed amended complaint. Should the Court be inclined to consider the proposed amended complaint, however, Fed. R. Civ. P. 15 does not permit a plaintiff to amend a complaint when the proposed amendments are futile. *See Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id*. (quoting *Rose v. Hartford Underwriters Ins. Co*., 203 F.3d 417, 420 (6th Cir. 2000)).

Fed. R. Civ. P 12(b)(6) permits dismissal of a complaint "for failure to state a claim for which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court considering a motion to dismiss must determine whether the plaintiff has set forth a claim upon which the Court may grant relief. *Doe v. Dublin City Sch. Dist*., No. 2:09-CV-738, 2010 WL 1434318, at *2 (S.D. Ohio Apr. 8, 2010), *aff'd sub nom. Doe ex rel. Doe v. Dublin City Sch. Dist*., 453 F. App'x 606 (6th Cir. 2011). The Court must construe the pleading in favor of the party asserting a claim, accept the factual allegations contained in that party's pleading as true, and determine whether the factual allegations present a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555; *see also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B.  Plaintiffs' Proposed Amended Complaint Does Not State a Claim Against the School District Under Section 1983.

Although Plaintiffs did not reference the statute in their original complaint, their proposed amended complaint recognizes that their claim for violation of the Fourteenth Amendment's Due Process Clause must be brought pursuant to 42 U.S.C. § 1983 ("Section 1983") [DE 7, ¶ 1]. Section 1983 provides:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added). Significantly, Plaintiffs do not name any individual person as a defendant in this case, and they do not identify any person they claim to have violated Student Horton's constitutional rights. Instead, Plaintiffs apparently seek to hold the School District

6

vicariously liable for allegedly unconstitutional actions of some unidentified individual. There is no such liability for a local government employer, and Plaintiffs' Section 1983 claim should be dismissed.

Though a governmental entity can be liable for a violation of Section 1983 under certain circumstances, it "cannot be held liable solely because it employs a tortfeasor[.]" *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978); *see also e.g., Baar v. Jefferson County Bd. Of Educ.*, 476 Fed. Appx 624 (6th Cir. 2012) (applying the *Monell* standard of governmental liability to a local board of education). In other words, a governmental entity "cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Rather, a plaintiff can maintain a claim against a governmental entity under Section 1983 <u>only</u> where the alleged violation of federal rights occurred because of the entity's policy or custom. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401-402 (6th Cir. 2016) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). A plaintiff "must show 'a direct causal link' between the policy and the alleged constitutional violation such that the municipal policy can be deemed the 'moving force' behind the violation." *Id.* at 402 (quoting *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004)); *see also Monell*, 436 U.S. at 690 (The "touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution.").

Plaintiffs have not pleaded any facts that could establish "a direct causal link" between any School District policy or custom and allegedly unconstitutional conduct. In fact, Plaintiffs' proposed amended complaint does not even identify any official policy or custom of the School District that they allege resulted in a constitutional violation. In short, Plaintiffs do not claim that Student Horton's rights were violated as a result of an official School District policy or custom.

Rather, they claim that a School District employee deviated from the School District's student discipline procedures by applying them to Student Horton in "an unequal and unfair" manner. [DE 20.] Plaintiffs' allegations clearly do not state a Section 1983 claim against the School District, and their Section 1983 claim should be dismissed.

      **C.**    **Plaintiffs Do Not State a Claim for Violation of the Due Process Clause of the Fourteenth Amendment.**

Even if Plaintiffs had otherwise pleaded a Section 1983 claim against the School District – which they have not – their proposed amended complaint still fails to state a viable claim for a violation of the Due Process Clause of the Fourteenth Amendment. While Plaintiffs offer the conclusion that Student Horton "was not afforded constitutional due process protection and the procedures of [sic] the Defendant employed failed to meet minimum procedural due process protections to which Robert Horton, IV was entitled" [DE 7, ¶ 16], Plaintiffs do not identify the procedural protections they believe Student Horton was entitled to, and they do not state why the procedures employed by the School District were insufficient to meet minimum procedural due process protections. Indeed, Plaintiffs allege no facts in support of their claim that the School District violated Student Horton's due process rights; rather, they offer mere legal conclusions, which should not be accepted as true for purposes of a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 677. Because Plaintiffs' proposed amended complaint does not state a viable claim for violation of the Fourteenth Amendment's Due Process Clause, amendment would be futile, and the School District's Motion to Dismiss should be granted.

      **D.**    **Plaintiffs' Purported State Law Claims Should be Dismissed.**

As explained in the School District's Motion to Dismiss and supporting Memorandum of Law, Plaintiffs fail to state any viable claim for relief under state law. Nothing in Plaintiffs' untimely filed proposed amended complaint changes that result. First, to the extent that Plaintiffs

intend to bring a claim for violation of Student Horton's rights under the Constitution of Tennessee, such claim should be dismissed because Plaintiffs have no private right of action against the School District for violations of the Tennessee Constitution. *See Bowden Building Corporation v. Tennessee Real Estate Commission*, 15 S.W.3d 434 (Tenn. Ct. App. 1999) (finding that, while 42 U.S.C. § 1983 provides a private right of action for civil rights violations under federal law, "Tennessee, however, has not recognized any such implied cause of action for damages based upon violations of the Tennessee Constitution").

Second, the School District is immune from any purported claim for violation of the Due Process or Education Clauses of the Tennessee Constitution. Pursuant to the Tennessee Governmental Tort Liability Act ("GTLA"), governmental entities are immune from claims for civil rights violations. Tenn. Code Ann. § 29-20-205(2) (retaining governmental immunity for claims for violation of civil rights). Indeed, "where the 'underlying acts which a plaintiff alleges to be negligent are predicated on intentional tortious conduct involving the violation of the plaintiff's civil rights' by government employees, the 'civil rights exception' in Tenn. Code Ann. § 29-20-205(2) is applicable." *Cochran v. Town of Jonesborough*, 586 S.W.3d 909, (Tenn. Ct. App. 2019) (affirming dismissal of plaintiff's state law civil rights claims, including a claim for violation of the Tennessee Constitution's due process protections). Plaintiffs' purported state law claims should be dismissed with prejudice.

**E.  Parent Horton Has No Claims Against the School District and Should be Dismissed as a Plaintiff in this Case.**

Even if Student Horton had pleaded a plausible Section 1983 claim on his own behalf, Parent Horton clearly has no cause of action against the School District in any capacity and should be dismissed as a plaintiff in this case. First, Plaintiffs do not assert any claims on behalf of Parent Horton. Indeed, the style of the case identifies Parent Horton as a plaintiff only in his capacity as

9

"Next Friend and Guardian of Robert Horton, IV." To the extent that Parent Horton intended to assert claims in his own individual capacity, he has clearly failed to plead any claim upon which relief can be granted, and such claims should be dismissed.

Second, Plaintiffs' own assertions make clear that Parent Horton has no party role in this case. Pursuant to Fed. R. Civ. P. 17(a), "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). While a representative may sue on behalf of a minor or incompetent person, Fed. R. Civ. P. 17(c), "[a] representative's appointment automatically terminates when the person represented sheds the disability that led to its need for a representative." 4 MOORE'S FEDERAL PRACTICE - CIVIL § 17.28 (2022) (citing *JuShu Cheung v. Dulles*, 16 F.R.D. 550, 553 (D. Mass. 1954) (when child reached age of majority, child is no longer incapacitated individual and motion should be brought requesting court to remove representative)).

Here, Parent Horton never had authority to file suit on behalf of Student Horton because Student Horton was not a minor at the time the suit was filed on November 29, 2023. [DE 1-1]. Indeed, Plaintiffs assert that Student Horton reached the age of majority on October 14, 2023, prior to suit being filed. [DE 4]. Thus, Student Horton should have brought his claims exclusively in his own name and on his own behalf when he filed suit on November 29, 2023. Because Parent Horton has no viable claims for himself individually and has no authority to pursue Student Horton's claims as his parent, Parent Horton has no party role in this case in any capacity and should be dismissed as a party.

10

## **CONCLUSION**

For the reasons stated herein, Plaintiffs' purported amended complaint should be stricken as improperly filed under Fed. R. Civ. P. 15, and this cause of action dismissed with prejudice in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: January 24, 2024.

Respectfully submitted,

By: s/ Jamie L. Morton
Jamie L. Morton (TN BPR #31243)
Shelby County Board of Education
Office of the General Counsel
160 S. Hollywood Street, Coe Room 218
Memphis, Tennessee 38112
Phone: (901) 416-6373
mortonj2@scsk12.org

***Counsel for Memphis-Shelby County Schools***

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served via the Court's electronic filing system this 24th of January 2024 to:

Gerald Green
P.O. Box 264
Memphis, TN 38103
(also by email to indictmentdefense@gmail.com)

*Counsel for Plaintiffs*

s/ Jamie L. Morton
Jamie L. Morton
