IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ROBERT HORTON, III, *as next friend and Guardian of Robert Horton, IV;* and ROBERT HORTON, IV,

    Plaintiffs,

v.

MEMPHIS-SHELBY COUNTY SCHOOLS,

    Defendant.

Case No. 2:23-cv-02765-MSN-cgc
JURY DEMAND

---

### ORDER GRANTING MOTION TO STRIKE

---

Before the Court is Defendant's Motion to Strike Plaintiffs' Improperly Filed Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(f). ("Motion," ECF No. 8.) Plaintiffs did not respond to Defendant's Motion. For the reasons below, the Motion is **GRANTED**.

### BACKGROUND

This case arises out of Defendant's response to an alleged threat by Plaintiff Robert Horton, IV ("Plaintiff") in November of 2023. (ECF No. 1-1 at PageID 6.) According to Plaintiff, Defendant caused him to be arrested and suspended him for 45 days "based totally upon the oral accusation of another student" that he threatened to "shoot up" his high school. (*Id.*) On November 29, 2023, Plaintiffs filed a Complaint in the Circuit Court of Shelby County, Tennessee alleging that these actions constituted "student discrimination" and "malicious prosecution." (*Id.*) Defendant removed the case to this Court on December 11, 2023, (ECF No. 1), and then moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ("Motion to Dismiss," ECF No. 6.)

Before the time to respond to Defendant's Motion to Dismiss expired, Plaintiffs filed an Amended Complaint for Damages for Student Discrimination and Malicious Prosecution ("Amended Complaint"). (ECF No. 7.) Defendant then filed the Motion now before the Court, asking that the Amended Complaint be stricken as untimely. (ECF No. 8.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)[1] governs amending pleadings before trial. A party may amend a pleading once as a matter of course within (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend a pleading only by obtaining the opposing party's written consent or receiving leave of court. Fed. R. Civ. P. 15(a)(2).

Although "[t]he court should freely give leave when justice so requires," *id.*, a motion to amend may be denied when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The test for whether amendment would be futile is

---

[1] Defendant moves to strike the Amended Complaint under Fed. R. Civ. P. 12(f), which allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But as that language suggests, Rule 12(f) is not an appropriate mechanism for striking an entire pleading. *Olagues v. Timken*, 908 F.3d 200, 204 (6th Cir. 2018). Rather, Fed. R. Civ. P. 15 governs the proper means of amending a pleading. The Court thus construes Defendant's Motion—which also discusses Rule 15's requirements—as one filed pursuant to Rule 15 rather than Rule 12(f). That being said, the remedy available under both Rules may overlap. *See, e.g., Nicholson v. City of Westlake*, 20 F. App'x 400, 402 (6th Cir. 2001) (finding the district court did not abuse its discretion when it struck an amended complaint because the plaintiff filed it "without obtaining leave from the court, *see* Fed. R. Civ. P. 15(a), and after the defendants had answered his original complaint")).

whether it could survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). "Requesting leave to amend under Federal Rule of Civil Procedure 15(a) is governed by Rule 7(b), which requires that a motion shall state with particularity the grounds therefor." *Evans v. Pearson Enters.*, 434 F.3d 839, 853 (6th Cir. 2006) (citations omitted).

## DISCUSSION

There can be no dispute that the Amended Complaint is improper. Indeed, Plaintiffs filed it more than 21 days after serving the original Complaint and more than 21 days after service of Defendant's Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1). In addition, Plaintiffs did not seek leave from the Court to file the Amended Complaint, which was required given its untimeliness. *See* Fed. R. Civ. P. 15(a)(2). While a court "should freely give leave when justice so requires," *id.*, Plaintiffs have not requested leave to amend. Finally, Plaintiffs have not responded to Defendant's Motion. S*ee* Local Rule 7.2(a)(2). For all these reasons, Defendant's request to strike the Amended Complaint is granted.

## CONCLUSION

Defendant's Motion to Strike Plaintiffs' Improperly Filed Amended Complaint, (ECF No. 8), is **GRANTED** and Plaintiffs' Amended Complaint is **STRICKEN**. Plaintiffs shall have up to and including **August 9, 2024** in which to respond to Defendant's Motion to Dismiss.

**IT IS SO ORDERED**, this 29th day of July, 2024.

                                                *s/ Mark S. Norris*
                                                MARK S. NORRIS
                                                UNITED STATES DISTRICT JUDGE